)RDERED in the Southern District of Florida on **Feb 26, 2008**



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**ECIO MASCARENHAS,**

    Debtor.
_____/

**WESTERN UNION FINANCIAL SERVICES, INC.** and **INTEGRATED PAYMENT SYSTEMS, INC.,**

    Plaintiffs,

vs.

**ECIO MASCARENHAS,**

    Defendant.
_____/

Case No. 07-16537-BKC-JKO

Chapter 7

Adv. Pro. No. 07-01845-BKC-JKO-A

## ORDER DISMISSING ADVERSARY PROCEEDING

**THIS CASE** came before me for hearing on February 19, 2008, on Ecio Mascarenhas' (the "Defendant") Motion to Dismiss Adversary Proceeding (the "Motion") [DE 11]. Rule 4007(c) of the Federal Rule of Bankruptcy Procedure provides that a complaint objecting to the dischargeability of a

certain obligation owed by Debtor under 11 U.S.C. § 523, "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The time for filing such a complaint can be extended for cause, "[o]n motion of any party in interest after hearing on notice," provided that the motion "shall be filed before the time has expired." F.R.B.P. 4007(c). In this case, the Meeting of Creditors was originally set for September 25, 2007, thus establishing the deadline for filing a § 523 complaint on Monday, November 26, 2007. *See* [DE 2] in the main bankruptcy case (07-16537). As the complaint was filed one day later, on November 27, 2007, and no motion to extend time was filed prior to the November 26th deadline, I am required under controlling Eleventh Circuit precedent to grant Defendant's Motion and dismiss the complaint with prejudice.

### Equitable Tolling

In response to the Motion (the "Response") [DE 16], Western Union Financial Services, Inc. and Integrated Payment Systems, Inc. (the "Plaintiffs") argue that the Court should equitably toll the deadline established under Rule 4007(c). As a basis for this relief and according to the Plaintiffs, on November 26, 2007, the Plaintiffs "finalized and attempted to timely file a Complaint objecting to dischargeability," however, Plaintiffs' counsel's law office, "could not file the Complaint because of the lack of a password for the on-line bankruptcy filing system." Plaintiffs' Response to Defendant's Motion to Dismiss [DE 16], ¶10.[1] Further, Plaintiffs' counsel was, "indisposed due to a severe family tragedy that had just occurred related to one of his law partners." *Id.* The Plaintiffs contend that its

---

[1] Although counsel is qualified to practice in this Court and to use our CM/ECF system, he had never obtained a CM/ECF password from the Clerk of this Court and had instead attempted to use a password issued by the Clerk of the District Court. The two CM/ECF systems are not integrated; a password from the District Court will not work on the Bankruptcy Court's CM/ECF system, and vice versa.

counsel's office contacted the clerks office and was informed that the, "password issue could not be rectified that day," and that the Complaint should be sent to the Clerk's office by overnight mail. *Id.*

The Plaintiffs cite to the Supreme Court decision in *Kontrick v. Ryan*, 540 U.S. 443 (2004), to support their argument that the bankruptcy court is not prohibited from using its equitable powers to further enlarge the time to file a complaint objecting to a debtor's discharge even though no motion to extend was filed before the deadline had passed. In *Kontrick*, the Court held that F.R.B.P. 4004(a) and (b) are not jurisdictional in nature and, therefore, a debtor could not challenge the timeliness of a creditor's objection to discharge after the objection had been decided on the merits. The Supreme Court interpreted the deadlines in Rule 4004[2] as akin to statutes of limitation, which may be waived, and held that the debtor's delay in raising a timeliness objection constituted a waiver. The *Kontrick* Court specifically declined to reach the issue of whether the time restrictions in the Bankruptcy Rules preclude equitable exceptions in cases where a debtor timely asserts the untimeliness of the dischargeability complaint. *Kontrick*, 540 U.S. at 457-58.

In *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988), the Eleventh Circuit held that the bankruptcy court does not have the discretionary authority under F.R.B.P. 4007(c) to grant a late filed motion for extension of time to bring a dischargeability complaint.[3] Similarly, where no motion to extend the filing deadline has been filed, a bankruptcy court in this Circuit is without power to extend the deadline. *Nova Info. Sys. v. Stone (In re Stone)*, 2006 Bankr. LEXIS 2210, *2-3 (Bankr. S.D. Fla.

---

[2]The provisions governing extensions of time for the filing of complaints under Rule 4004, applying to complaints objecting to a debtor's discharge, are substantially similar to those in Rule 4007, applying to complaints objecting to the dischargeability of a particular debt.

[3]I recognize that the Plaintiffs cite to case law from other circuits which allowed equitable tolling under Rule 4007(c). Those holdings, while interesting, are of no precedential effect in the face of clear contrary Eleventh Circuit precedent on this issue.

May 31, 2006) (Isicoff, J.). I agree with the discussion on this issue in *In re Hilton,* 2005 Bankr. LEXIS 2675, *4 (Bankr. N.D. Ga.) in which Judge Brizendine ruled:

> No doubt, the rationale set forth in *Phillips* [288 B.R. 585 (Bankr. M.D.Ga. 2002)], (which incorporated the reasoning in *Kontrick* as grounds for limiting the Eleventh Circuit's holding in *Alton* and permitting equitable tolling), is compelling and *Kontrick* may herald a time when the time periods in F.R.B.P. 4004 and 4007 lose their legal effect as strict rules of jurisdictional import, but given the facts presented herein, this Court is not persuaded at this time that the law as construed by the Eleventh Circuit does not apply. . . The Court is mindful of the hardship strict enforcement of such rules can impose, but under the law as it currently exists in this circuit, the Court finds no basis for allowing the alteration of the time period set forth in F.R.B.P. 4007(c).

I am sympathetic to Plaintiffs' factual assertions as to the reasons that led to this situation, and in the absence of binding precedent created by *Alton,* would be inclined to deny the Motion to dismiss. Since I am bound by Eleventh Circuit precedent, however, I cannot apply equitable tolling even in the circumstances presented here. Accordingly, it is **ORDERED**:

1. Defendant's Motion [DE 11] is **GRANTED**.

2. This adversary proceeding is **DISMISSED** with prejudice.

### 

Copies Furnished to:

Todd K Norman, Esquire
37 N Orange Ave #200
Orlando, FL 32801

Ronald G Neiwirth, Esquire
1395 Brickell Ave 14 Fl.
Miami, FL 33131

Defendant's counsel is hereby directed to serve a copy of this Order upon all interested parties not listed above.